UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELINDA PITTMAN,

                          Plaintiff,

    v.                                         **DECISION AND ORDER**
                                                        08-CV-851S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

       1.      Plaintiff Melinda Pittman challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since February 1, 1996 due to bi-polar disorder, major depression, and post-traumatic stress disorder. (R. at 46, 53.) Plaintiff contends that her impairments render her unable to work and, therefore, argues that she is entitled to disability benefits under the Act.

       2.      Plaintiff filed an application for Supplemental Security Income ("SSI") on June 1, 2004. (R. at 19, 46-49.) Her application was denied initially (R. at 32), after which she requested a hearing before an ALJ (R. at 44). That hearing took place on June 19, 2007. (R. at 627-701.) The ALJ considered Plaintiff's case *de novo*, and on January 23, 2007, issued a written decision denying Plaintiff's application for benefits. (R. at 16-31.) On May 30, 2008, the Appeals Council denied Plaintiff's request for review. (R. at 13-15.) Plaintiff filed the current civil action challenging Defendant's final decision on November 21, 2008.[1]

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

1

3. The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement. For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

---

[2] Defendant filed his Motion on July 1, 2009 (Docket No. 7), and Plaintiff filed her Motion on February 19, 2010 (Docket No. 15). Although the latter docket entry is actually labeled Plaintiff's "Memorandum in Opposition re Motion for Judgment on the Pleadings," this Court had extended Plaintiff's time, to file and serve her "*Motion* for Judgment on the Pleadings" to February 19, 2010. (Docket No. 14) (emphasis added). Thus, this Court considers the document Plaintiff filed on February 19, 2010 to be the Motion she was to have filed, and not merely a memorandum of law in opposition to Defendant's motion.

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts: First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 1, 2004 (R. at 21); (2) Plaintiff's "chronic and severe polysubstance abuse including illegal drugs and medications, allegedly in remission since December 31, 2006; bipolar disorder, depression, and post traumatic stress disorder (PTSD); and back discomfort" are severe impairments (R. at 21-22) (parentheses in original); (3) Plaintiff's "impairments, including the substance use disorders, meet section 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)), with 12.04 and 12.06 as reference listings," but cannot form the basis of a disability finding; rather, if Plaintiff stopped her substance abuse, she would not have an impairment or combination of impairments that meets or medically equals any of the listed impairments (R. at 22-24) (parentheses in original); (4) if Plaintiff stopped her substance abuse, she would not have the residual functional capacity ("RFC") to perform "the full range of medium work" (R. at 30) with additional mental health

4

restrictions (R. at 24-29)[3]; and (5) although Plaintiff is unable to perform her past relevant work even if she stopped the substance abuse (R. at 29), based on her age, education, work experience, and residual functional capacity, Plaintiff would be capable of adjusting to work that exists in significant numbers in the national economy in the event she discontinues the substance abuse. (R. at 29-30). Ultimately, the ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act from June 1, 2004, through July 23, 2007, the date of the ALJ's decision. (R. at 31.)

10. Plaintiff advances three challenges to the ALJ's decision. First, she argues that the ALJ erred by finding her drug abuse and alcoholism ("DA&A")[4] constitute a contributing factor material to the determination of disability. (Docket No. 15, Pl's Mem. pp. 14-16.) According to Plaintiff, there is no evidence indicating that she suffered from DA&A at the time the ALJ rendered his decision and, in support, she claims that the ALJ failed to cite to any medical opinion diagnosing "DA&A," which postdates her June 1, 2004 application for SSI benefits. (Pl's Mem. pp. 14-15.) Additionally, Plaintiff argues that the ALJ was not able to distinguish between her mental health limitations attributable to her substance abuse, and her limitations which are attributable to bipolar disorder and PTSD. (Pl's Mem. p. 16.)

Under the Act, "[a]n individual shall not be considered to be disabled for [the] purposes of this title if alcoholism or drug addiction would be a contributing factor material

---

[3] Specifically, the ALJ found that Plaintiff had "moderate limitations in concentration, persistence and pace on complex and varied tasks but none on simple, repetitious and routine tasks; moderate limitations in social functioning with moderate limitation in working in close cooperation with supervisors; and a moderate limitation in adapting to much in the way of changes in job assignments." (R. at 24.)

[4] Plaintiff refers to what she contends is her "drug abuse and alcoholism," as "DA&A." (Pl's Mem. p. 14.)

5

to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The relevant inquiry in determining whether substance abuse is a "material contributing factor" is whether an individual would still be disabled if he were to stop using alcohol and/or drugs. See Johnson v. Astrue, 493 F. Supp. 2d 652, 659 (W.D.N.Y. 2007).

Having reviewed the record, the underlying law, and the parties' respective arguments, this Court finds that the ALJ committed no error. First, despite Plaintiff's contention, there is substantial evidence in the record indicating that Plaintiff was abusing drugs at or around the time the ALJ rendered his decision. For example, in June 2007, Dr. Robert Shih, who treated Plaintiff for low back and left knee pain, reported that Plaintiff insisted on having a higher dose of "Soma" and "Lortab" despite denying the need for surgery (R. at 759)[5]; in October 2007, Plaintiff informed Dr. Reddy that she doubled the dose of her pain medication herself (R. at 747); and in January 2008, a drug test revealed the presence of opiates in Plaintiff's system (R. at 763).

Second, because this Court notes the existence of at least one medical opinion, postdating Plaintiff's application for benefits and "diagnosing" her drug abuse, it is was not error for the ALJ to not cite to any such opinion in the decision. See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) (noting that the ALJ is not required to mention every item of testimony presented particularly where such evidence is amply supported elsewhere). In particular, in a psychiatric report dated January 3, 2008, Plaintiff was diagnosed as having "cocaine opiate dependence." (R. at 711.)[6] Moreover, there is substantial evidence in the record, which postdates her June 1, 2004 application date, that

---

[5] This behavior is consistent with Plaintiff's history of demanding prescription drugs from doctors and becoming angry if and when the doctors did not oblige her demands. (R. at 282, 372, 843.)

[6] Defendant states that this report was authored by Dr. Kashin. (Def's Mem., pp. 13-14.) However, based upon a review of the document, this Court cannot determine the identity of the author. (R. at 711.)

6

indicates she has a substance abuse problem. (R. at 282, 372, 451, 551-53, 843).

Finally, Plaintiff has introduced no evidence indicating that the ALJ was unable to distinguish between her mental health limitations resulting from substance abuse and her limitations resulting from bipolar disorder and PTSD. Instead, as the ALJ noted, Dr. Burnett opined that, during a period in which Plaintiff was "substance free," she "was mostly not significantly limited." (R. at 27) (internal citations omitted). Dr. Burnett further opined that Plaintiff was capable of understanding and remembering instructions and directions, and was capable of performing repetitive tasks in a work setting. (R. at 27.) The ALJ further noted Dr. Raja Rao's opinion dated May 28, 2004, wherein he diagnosed Plaintiff's substance abuse and dependency as "in remission." (R. at 26, 146.) Dr. Rao then opined that Plaintiff's "insight and judgment are fair," and further noted that there was no evidence of psychosis, delusions, or hallucinations. (R. at 146.) Thus, Plaintiff's first challenge is rejected.

11. Second, Plaintiff argues that the ALJ erred when determining her "mental RFC." (Pl's Mem. p. 17.) According to Plaintiff, the ALJ primarily relied on Drs. Zuckerman and Burnett in so doing. (Pl's Mem. p. 18.) Plaintiff argues this amounts to error because Dr. Zuckerman's opinion "provides no clear Medical Source Statement required by the Commissioner's regulations [under 20 C.F.R. § 416.919n(c)(6)]," and it is therefore "incomplete." (Pl's Mem. pp. 18-19.) Additionally, Plaintiff argues that the ALJ erred by selectively adopting portions of Dr. Burnett's opinion. (Pl's Mem. pp. 18-19.)

This Court is not persuaded by Plaintiff's argument. First, when evaluating Plaintiff's mental limitations, the ALJ not only weighed the opinions of Drs. Zuckerman and Burnett, but also those of Drs. Rao, Graham, and Kashin. (R. at 24-29.) Second, Dr. Zuckerman's failure to complete a medical source statement does not render his opinion incomplete.

See 20 C.F.R. § 416.919n(c)(6) ("Although we will ordinarily request, as part of the consultative examination process, a medical source statement about what you can still do despite your impairment(s), *the absence of such a statement in a consultative examination report will not make the report incomplete*") (emphasis added). Third, although Plaintiff argues that the ALJ erred by selectively adopting portions of Dr. Burnett's opinion, it is well-settled that the ultimate determination of whether a plaintiff meets the statutory definition of disability is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(1). Thus, the ALJ was well within his rights to weigh Dr. Burnett's opinion and only credit the portions he found to be consistent with the overall medical evidence. Accordingly, this Court finds the ALJ's RFC determination is supported by substantial evidence, and Plaintiff's second challenge is rejected.

12. Lastly, Plaintiff argues that the ALJ erred at step five of the sequential analysis by posing a set of flawed hypothetical questions to the vocational expert in order to determine her ability to perform exertional work. (Pl's Mem. pp. 19-21.) According to Plaintiff, the hypothetical questions were flawed as they were based upon an erroneous RFC determination for the reasons discussed immediately above. (Id.)

Because this Court has already found that the ALJ's RFC determination contained no error, Plaintiff's final challenge is predicated on a faulty presumption and, therefore, this challenge is without merit. But even if this Court found that the ALJ ultimately arrived at an incorrect RFC, any harm that may have flown from such a faulty determination was greatly limited by the fact that the ALJ posed four separate hypothetical questions, with each question incorporating different limitations. (R. at 690, 691, 697.) Thus, Plaintiff's final challenge is rejected.

13. After carefully examining the administrative record, this Court finds that

substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:  March 31, 2010
         Buffalo, New York

                                            /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                         United States District Court